## CYRUS HOTCHKISS v. AZRO B. ASHLEY.

### *Fraud in fact and in Law.*

Where execution is levied upon property as belonging to the execution debtor, and a third party replevies it, his assertion of title is subject to being encountered by whatever would tend to show that it was subject to such levy. This would not only extend to fraud in fact, but equally to what is known as *fraud in law* as to creditors.

The plaintiff in the replevin suit against the officer, cannot attack the consideration of the note for which the judgment was recovered, on which the execution issued.

The articles replevied were one safe, two hogs, and thirty-four gross bottles. The case was tried on the general issue, as provided in General Statutes, ch. 35, § 14. The verdict was, "that the defendant is not guilty in manner and form, as the plaintiff in his declaration hath alleged. They, therefore, find for the return to the defendant of two hogs and thirty-four gross bottles, named in the writ, and to recover of plaintiff one cent damages, and his costs." The plaintiff moved to set aside the verdict, on the ground that the jury only found as to part of the matter in issue. *Held*, that the first paragraph of the verdict was all that was necessary under the general issue, and that the court under § 26, ch. 35, general statutes, would adapt the judgment to the rights proved.

REPLEVIN for one iron safe, two hogs, and thirty-four gross spring water bottles, which the defendant, as deputy sheriff, took on an execution in favor of one Lawrence against one Austin. Plea, the general issue. Trial by jury, September term, 1871, PIERPOINT, Ch. J., presiding.

The plaintiff's evidence tended to show that a portion of the property in question was negotiated for and purchased by said Austin for himself, in his own name, but was paid for by property claimed to be property of the plaintiff, and that it was understood between said Austin and the plaintiff that it was to be the property of the plaintiff. There was also evidence tending to show that said property was at the time of the levy in the plaintiff's possession.

The evidence on the part of the defendant tended to show that most of the property in question had not only been purchased by said Austin in his own name, but had been by him solely used and controlled in and about his business as a hotel keeper, and was in his possession at the time of the levy; and that the plaintiff had never assumed any control or ownership of the property; and

that the plaintiff's name was used and resorted to merely as a cover of said Austin's property.

The plaintiff offered to show that the judgment, upon which the execution was issued, was rendered upon a negotiable promissory note, executed by said Austin to other parties than said Lawrence, and who were still the owners of the claim, the consideration of which note was intoxicating liquor, purchased in violation of law, but the court excluded the evidence, to which the plaintiff excepted.

In the same connection the plaintiff requested the court to charge the jury that if they found the property in question had once been the property of Austin, if it had been *bona fide* purchased by the plaintiff, though it remained in the possession of Austin, it was not held in fraud of said Lawrence, for the reason that his claim was made in violation of law; but the court declined so to instruct the jury, to which the plaintiff excepted.

In other respects the charge of the court was satisfactory to both parties.

The jury returned the following verdict:

" In this cause the jury say that the defendant is not guilty in manner and form as the plaintiff in his declaration hath alleged. They therefore find for the return to the defendant of two hogs, and thirty-four gross spring water bottles, named in the writ, and to recover of the plaintiff one cent damages and his costs."

At the time of the rendition of the verdict no objection was made by either party to its form or substance, but afterwards, and before judgment, the plaintiff filed the motion to set aside the verdict, which motion is referred to and made a part of these exceptions.

The motion was presented to the court in due season and was overruled, to which the plaintiff excepted. The plaintiff thereupon moved that the court arrest judgment for the reasons set forth in the motion to set aside the verdict, which motion was denied by the court, to which the plaintiff excepted.

The motion was that the plaintiff in his declaration alleged that the defendant was guilty of taking one iron safe, thirty-four gross spring water bottles, and two hogs, of the goods and chattels of the plaintiff; and on trial by jury there was testimony as to the

unlawful taking of all these items, introduced by both plaintiff and defendant, and the same was submitted by the court, and the jury were instructed by the court that, if they found the defendant guilty of taking the iron safe, to say so by their verdict ; and if they found that the defendant was not guilty of the taking of the thirty-four gross spring water bottles, and two hogs, to say not guilty as to these ; but the jury by their verdict found only as to part of the matter in issue. They say nothing as to the iron safe, nor whether the defendant is or is not guilty of taking the same ; though the question was submitted by the court as a material and necessary part of their verdict.

*C. W. Withers* and *Tyler & Whittemore*, for the plaintiff.

If the property had been purchased in good faith by Hotchkiss, although still in possession of Austin, the former owner, and held by him in fraud of a legal creditor, or a *bona fide* purchaser, yet it was not held in fraud of Lawrence, who held no legal claim against said Austin ; and the testimony offered by the plaintiff upon that point should have been admitted.

Three questions were submitted to the jury, upon each of which they were directed to say whether the defendant was guilty or not guilty. In their verdict they say he was not guilty, as to the two last, but say nothing as to the first question ; therefore, their verdict, finding only part of the issue, is insufficient as to the whole, and a new trial should be granted. *Miller* v. *Trets*, Coke's Lit., 227 ; 1 Lord Raym., 324 ; *Rex* v. *Hayes*, 2 Lord Raym., 1588 ; *Cattle* v. *Andrews*, 3 Salkeld, 372 and 374 ; *Van Benthuysen* v. *De Witt*, 4 Johns., 213 ; 2 Hall, 211 ; *Brown* v. *Henderson*, 4 Munford, 492 ; *State* v. *Bunten*, 2 Nott & McCord, 441 ; *Patterson* v. *United States*, 2 Wheaton, 221 ; Graham & Waterman on New Trials, vol. 1, pages 140 to 144, inclusive.

The verdict, whether general or special, if confined only to a part of the matter in issue, or if it does not comprehend all the issue, is insufficient, and no judgment should be rendered upon it. *Middleton* v. *Quigly*, 7 Halst., 352 ; *Coffin* v. *Jones*, 11 Pick., 45 ; *Lyon* v. *Stewart*, 5 J. J. Marsh, 676 ; *Tinkler* v. *Rowland*,

4 Ad. & E., 868 ; *Fennick* v. *Logan*, 1 Miss., 283 ; *Kegwin* v. *Campbell*, 1 Root, 268 ; *Smith* v. *Raymond*, 1 Day, 189 ; Graham & Waterman on New Trials, vol. 3, pages 1386 and 1390 to 1396, inclusive ; *Royce* v. *Dawson*, 9 Wis., 246.

The verdict must be taken as a whole. The first part " not guilty," is qualified by the rest of the verdict, in which they specify what he is not guilty of.

*Lawrence & Burnap* and *H. B. Smith*, for the defendant.

The evidence offered was properly rejected. *Thatcher et als.* v. *Gammon*, 12 Mass., 267 ; *Adams* v. *Balch*, 5 Me., 188 ; *Gaskill* v. *Dudley*, 6 Met., 546. As to the motion to set aside the verdict, it was no part of the duty of the jury under the statute to make an order of return ; that is to be done by the judgment of the court. Had they found the defendant guilty as to any item and not guilty as to others, the court could have rendered jugdment accordingly.

Replevin is tried upon the plea of not guilty. In this case there was a general verdict of not guilty in the ordinary form. This was an absolute finding as to all the items of property in issue ; and is therefore not a case where the jury found only a part of the issue ; under the verdict the defendant was entitled to an order for the return of all the property ; but the defendant having accepted the verdict, and assented to the order of return of but two of the three items of property, the plaintiff, who is not prejudiced by the neglect to order the return of the safe, cannot complain or have the verdict set aside. *White* v. *Bailey*, 14 Conn., 272 ; *Goodwin* v. *Perkins*, 39 Vt., 598 ; *Adm'r of Russell* v. *Maloney*, 39 Vt., 579 ; Gen. Stat. Chap, 15, § 14. The verdict was a general one for the defendant, was rendered under proper instructions and warranted by the evidence, and it would have been in the power of the court, on application of the defendant, to have so amended it as to make it an order for the return of the safe also. *Porter* v. *Rummery*, 10 Mass., 64 ; *Foster* v. *Estate of Caldwell*, 18 Vt., 176. If the verdict had been not guilty as to the bottles and hogs alone, and ordering their return

only, the case would have presented a different question. Every proper intendment is to be made in favor of a verdict, and it is the duty of the excepting party to show that he is injured by it, and that it ought to be set aside. 14 Conn., cited above. *Elkins* v. *Parkhurst*, 17 Vt., 105.

The opinion of the court was delivered by

Barrett, J. In this action the plaintiff must stand on his title, and must maintain it to be such as that the taking of the property on execution against Austin was a wrongful taking and detaining of it from the plaintiff. Lawrence had obtained by due proceedings a judgment against Austin, and execution had been duly issued on it. He, thereby, was the creditor of Austin, and was entitled to levy his execution on any property that Austin so held as to be subject to levy by a creditor. When the plaintiff asserted title to the property by replevying it, that assertion was subject to being encountered by whatever would tend to show that it was subject to such levy. This would not only extend to fraud in fact, but equally to what is known as *fraud in law* as to creditors. And so the county court regarded and treated the matter, and was right in so doing.

II. The claim that the plaintiff in this suit may *quiz* the consideration of the note for which Lawrence obtained his judgment, for the purpose of showing that the defendant had wrongfully taken or wrongfully detained property belonging to the plaintiff, cannot be gravely discussed.

III. The case was tried on the general issue, as provided in Gen. Stats., ch. 35, § 14. The first paragraph of the verdict as rendered was all that was necessary under that issue. The rest of it is not incongruous or inconsistent with that paragraph; and certainly it does not tend to the injury of the plaintiff. On the proofs it might be that defendant was not guilty of the unlawful taking or detention of any part of the property replevied, and yet might not be entitled to a return of any of it; or he might be entitled to a return of a part, and not of the rest. What belonged to plaintiff, he would be permitted to keep, even though the ver-

dict should be for the defendant.   Under § 26, ch. 35, the court would adapt the judgment to the rights proved.

The record does not show any defect or error in the rendering of the judgment on that verdict.

.The judgment is affirmed.