## STATE v. WILLIAM FITZGERALD.

JANUARY TERM, 1896.

*Privileged communication.  Failure of respondent to call witness.  Argument.*

1.  What an attorney, called in consultation by a respondent, observes, in common with other persons, as to his condition of intoxication, is not of the nature of a privileged communication.

2.  That a respondent fails to call a witness, who is equally available to the state, is not to be taken against him, and if the prosecuting attorney is permitted to argue that it is, against objection and exception, it is reversible error.

Complaint for intoxication.  Plea, not guilty.  Trial by jury at the September term, 1895, TAFT, J., presiding. Verdict and judgment of guilty.  The respondent excepts.

*H. S. Peck* for the respondent.

What Cushman saw was a privileged communication. *State* v. *Squires*, 1 Tyl. 147; *Durkee* v. *Leeland*, 4 Vt. 612.

*R. E. Brown*, state's attorney, for the state.

The argument to which the respondent excepted was proper.  *State* v. *Ward*, 61 Vt. 191; *Seward* v. *Garlin*, 33 Vt. 583; *People* v. *McWhorten*, 4 Barb. 438; *People* v. *Dyle*, 21 N. Y. 578.

TYLER, J.   The evidence tended to show that the respondent was found intoxicated and was arrested and committed to the county jail; that soon after his commitment he sent for Mr. Cushman, an attorney, to go to the jail for the purpose of examining him and determining whether he was intoxicated or not; that the attorney went to the jail in company with one Buckley, and had an interview with the respondent; that he conversed with him awhile in the jail in Buckley's presence. Mr. Cushman was employed by the respondent as his attorney and appeared for him in the city court, but ceased to act for him before the trial closed, and did not appear in the county court, another attorney being employed. He was not improved as a witness. During the argument of the case before the jury, the state's attorney, against the objection and exception of the respondent, argued that if Mr. Cushman, when he saw the respondent in the afternoon, was of the opinion that he was sober, he would have been improved as a witness by the respondent, and that it was proper to infer, from the absence of Mr. Cushman, that his testimony, if produced, would have been adverse to the respondent, and would tend to show his guilt. Mr. Cushman was an attorney of the court and within reach of process. The respondent was convicted and sentenced.

Counsel on both sides, in their briefs, have treated the knowledge that the attorney obtained in respect to the respondent's condition as privileged. We think, however, it cannot be so held. It does not appear that Mr. Cushman learned, or had an opportunity to learn, any fact in respect to the respondent's condition that was not observable by Buckley and by all other persons who saw him during the time of his alleged intoxication. No fact came peculiarly within his knowledge on account of his relation to the respondent as his counsel. This being the case, he was not privileged from testifying to what he ob-

served of the respondent's condition. He was an available witness both to the respondent and the state, but was called by neither.

The state's attorney evidently knew that Cushman had seen the respondent and observed his condition at the time in question. Cushman and his knowledge on the subject being equally available to both parties, no inference unfavorable to the respondent could be drawn from his failure to produce the witness. It is only when the evidence is *peculiarly* within the knowledge of the party that such inference can be drawn. 1 Stark, Ev. 310, 487 ; *People* v. *Mc-Whorton*, 4 Barb. 439; *Arbuckle* v. *Templeton*, 65 Vt. 205, and authorities cited in the opinion.

The argument of the state's attorney was therefore unwarranted. The respondent's objection brought the matter directly to the attention of the court. As the court did not interpose, it tacitly assented to the propositition that the inference was that Cushman's testimony, had it been produced, would have tended to prove the respondent's guilt. This was equivalent to a holding of the court, and the jury might well have supposed it was the law of the case. The exception to the court's omission to rule saved the respondent's rights.

*Exception sustained, judgment reversed, verdict set aside and cause remanded.*