PLIMINGTON DAGGETT *vs.* CHAMPLAIN MANUFACTURING COMPANY.

May Term, 1899.

Present: TAFT, C. J., ROWELL, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed June 21, 1899.

*Reversal for Improper Argument.*—The question was, whether the liability was upon the defendant or upon Barnard, who was in the defendant's employ and was financially irresponsible. The trial court permitted plaintiff's counsel to argue to the jury that their verdict should be for the plaintiff because the defendant could reimburse itself out of Barnard's wages, whereas the plaintiff could not collect a judgment against him. *Held*, reversible error.

*Evidence.*—The question being whether the lumber for the price of which this action was brought, was purchased by Barnard, to whom it was

delivered, or by the defendant, this court cannot find error in the admission of evidence that pigeonholes in Barnard's office and a saw-frame in his shop bore posters with the words, "Property of the Champlain Mfg. Co.," to the knowledge of the defendant's superintendent; nor in the admission of evidence that the superintendent was present when the purchase was made; and although the fact that Barnard was the defendant's agent two years later would not alone have been evidence that he was its agent when the purchase was made, this court cannot say from the record before it that the evidence did not disclose such a chain of circumstances as made the fact admissible, and error is not to be presumed.

*Election of Remedies.*—The plaintiff is not precluded from this action by having brought a former action against Barnard for the price of the same lumber, for the plaintiff's evidence tended to prove that he sold the lumber directly to the defendant, and disclosed no state of facts which would entitle him to elect between Barnard and the defendant.

ASSUMPSIT. General issue. Trial by jury at the March term, 1897, Rutland county, *Tyler*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The plaintiff claimed to recover for a quantity of hard-wood lumber which he claimed was sold and delivered to the defendant. His evidence tended to show that in June, 1894, McLaren, the superintendent and purchasing agent of the defendant, came to the plaintiff's house where the lumber was then stored, in company with one Barnard, who was then engaged in the manufacture of chair stock; that he bargained with said McLaren, who acted for the defendant, for the sale of all the hard-wood lumber which was there stored, and for a quantity of hard-wood lumber that was then on the mountain; that he delivered lumber at the place of business of said Barnard from time to time after said date until the following September, and for each load so delivered took a receipt showing the number of feet, signed by Barnard.

The defendant's evidence tended to show that the plaintiff sold the lumber to Barnard, and that McLaren made no contract with the plaintiff and that he went with said Barnard on said occasion for the purpose of inspecting the lumber with a view to ascertaining whether it would be

suitable to be manufactured into chair stock such as the defendant contemplated purchasing from said Barnard when manufactured.

The action against Barnard, mentioned in the opinion, had been discontinued.

*Butler & Moloney* for the defendant.

*Joel C. Baker* for the plaintiff.

THOMPSON, J. (1) This is an action to recover the price of a quantity of hard-wood lumber claimed to have been sold and delivered to the defendant by the plaintiff. The lumber was delivered to one Barnard, who, as the plaintiff claimed, was the agent of the defendant. The defendant claimed that the sale was to Barnard, and whether it was to him or to the defendant, was the controverted issue on trial. Barnard was in the employ of the defendant at the time of the trial in the county court. Counsel for the defendant, in argument in this court, admit that it appeared in evidence in the trial below, that Barnard was then insolvent. In arguing the case to the jury, counsel for plaintiff urged upon the jury that they ought to return a verdict for the plaintiff, because if they did so, the defendant was in a position where it could make such arrangements as would reimburse itself from Barnard, he being in their employ, and the defendant could then save itself harmless from loss by reason of such verdict; whereas, if a verdict were rendered the other way the plaintiff would be helpless and unable to collect anything from Barnard. Defendant's counsel protested against this line of argument and the court ruled that it might be made and it was then repeated by plaintiff's counsel; to all of which the defendant excepted.

This was in effect asking the jury to disregard the evidence, and the legal rights of the parties, and to return a verdict for the plaintiff because Barnard was insolvent, and consequently nothing could be collected from him, if he

were in fact the purchaser of the lumber, instead of the defendant. It was error to permit such argument, and a party will not be permitted to hold a verdict obtained by such unjustifiable means.

(2) This court cannot say that in view of all the evidence, which is not before us, the pasting of the poster on which were the words, "Property of the Champlain Mfg. Company," on the case of pigeon-holes in Barnard's office, and on the frame of a saw in his shop, was not a circumstance tending to show that he was acting for the defendant in the business he carried on at the time the lumber was delivered. The evidence tended to show that such posters must have been known to the defendant's superintendent, McLaren. Nor can it be said that, in view of all the evidence, the fact that McLaren was present when the lumber was purchased, was not a relevant fact as to whether the defendant was the actual purchaser. Standing alone, the fact that Barnard went to work in 1896 for the defendant, as a foreman, in one of its shops at Burlington, Vt., had no tendency to prove, that he was its agent in 1894. But this court cannot say, that the evidence did not disclose, such a chain of facts as made his employment by, and relation to, the defendant in 1896, a relevant fact in respect to his business relation to it in 1894. Error must appear affirmatively upon the record. All presumptions are in favor of the correctness of the rulings in the court below. Hence, this court cannot say it was error to permit counsel to argue, that all these facts were circumstances, tending to show a business connection between the defendant and Barnard in 1894, during the time the lumber was sold and delivered.

(3) The record does not disclose such a state of facts, as would entitle the plaintiff, at his option, to treat either the defendant or Barnard as purchaser. His evidence tended to prove that he sold the lumber directly to the defendant. Hence the fact that he brought suit against Barnard to

recover for the lumber, would not operate as such an election of debtors as would disentitle him to maintain an action against the defendant, if it were the purchaser. Consequently the defendant was not entitled to the instruction to the jury, for which it asked, which was, "that the plaintiff, by commencing a suit against Barnard to recover for the same cause of action here sought to be recovered, elected to treat Barnard as his debtor and he is bound by that election and cannot pursue an inconsistent remedy, if he had a full knowledge of the facts relating to the contract of sale at the time when he brought the suit against Barnard."

*Judgment reversed and case remanded.*