JESSE L. WOOD *v.* H. P. AGOSTINES.

October Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON and WATSON, JJ.

Opinion filed November 20, 1899.

*Plea of nul tiel record*—The general issue in an action of debt on judgment is *nul tiel record* and not *nil debet.*

*Proof under plea*—A defect appearing upon the face of the record may be taken advantage of under a plea of *nul tiel record,* but if the record upon its face shows a valid judgment the plea of *nul tiel record* is not sustained unless there is a variance between the record offered in evidence, and the declaration.

*Extrinsic evidence inadmissible under plea*—Although the record of a judgment showing jurisdiction may be contradicted by extrinsic evidence, such evidence is not admissible under the plea of *nul tiel record.*

*Evidence—Absence of testimony equally available to both parties, prejudicial to neither*—It was correct to prohibit counsel for the plaintiff from arguing that the jury should draw an inference unfavorable to the defendant from his failure to call a certain person as a witness, when such person was equally within the reach of both parties, and for anything that appeared the plaintiff had as much knowledge as the defendant of what such person knew of the matter in controversy.

*Argument confined to the evidence in the case*—A statement of counsel that he claimed nothing for the evidence "if it was not put in" implied that he had evidence which he had not introduced, and was improper and a cause for reversal, though in this case the reversal is on other grounds.

DEBT ON A JUDGMENT of a Maine court. No pleadings were filed by the defendant. Washington County, March Term, 1899. *Thompson,* J., presiding. Trial by jury. Verdict and judgment for the defendant. The plaintiff excepted.

An authenticated copy of the record of the judgment sued on was introduced in evidence. It showed personal service on the defendant, August 18, 1891. Subject to the plaintiff's objection the defendant was permitted to introduce evidence tending to prove that at the time of the service of the writ in the suit in

which said judgment was obtained, he was not in the State of Maine, and that the writ was never served on him, and that he neither employed, nor authorized any person to employ, an attorney for him in said suit. The County Court held that this evidence was admissible under the general issue as tending to show that the alleged cause of action never existed.

The evidence of the defendant tended to show that he came from Maine to Montpelier, Vermont, about July 4, 1891, and that he had since resided continuously in Vermont, and had never since been in the State of Maine. His evidence tended to show that upon so coming to Montpelier he stopped for a time with Mr. and Mrs. John Milenia of that city.

The date at which the defendant arrived at the Milenias in Montpelier, was a material issue on the trial. The defendant claimed to be unable to state the date when he first went to the Milenias, and did not state such date. It appeared in evidence that John Milenia is dead. There was no evidence tending to show whether Mrs. Milenia, his wife, was living at the time of this trial or not; or to show where she was living if alive, other than such inference as the law would draw in respect thereto from the fact that she was living in Montpelier in 1891. She was not improved as a witness by either party. Counsel for the plaintiff was prohibited from arguing to the jury that the failure of the defendant to produce Mrs. Milenia as a witness was a fact from which they might draw an inference unfavorable to the defendant.

The defendant's evidence tended to show that when he was in Maine he was in partnership with one Archie; and his evidence tended to show that said Archie resembled him in respect to height and build. It was claimed by the defendant that the writ in the Maine suit was served upon said Archie instead of upon himself, and whether it was in fact so served became a material issue in the case. There was evidence tending to show that the defendant was about fifty-five years of age at the time the Maine suit was brought, but there was no evidence as to the

age of said Archie. In arguing the defendant's theory of the service in Maine to the jury his counsel referred to the resemblance between the defendant and Archie, and continuing said that Archie was about fifty-five years old at the time when the Maine suit was brought. Upon objection to this statement being made and an exception allowed the defendant, counsel, after reference had been had to the reporter's minutes said " I claim nothing for that if the evidence was not put in." The allowance of an exception to this remark also was asked for, whereupon defendant's counsel said to the jury, " If there was no evidence, gentlemen, as to the age of Mr. Archie I claim nothing for it, and ask you not to consider anything I have said as to Mr. Archie's age." An exception was allowed the plaintiff.

*Richard A. Hoar* for the plaintiff.

*John W. Gordon* for the defendant.

TAFT, C. J. This action is debt on judgment. No pleadings were filed by the defendant. Under No. 10, County Court rules, the general issue was considered as pleaded. The general issue in an action of debt on judgment is *nul tiel record.* In an action of debt on judgment, *nul tiel record* is the proper plea and not *nil debet.* The plea *nul tiel record* puts in issue, simply the existence of such a record as is declared upon and that question is determined by the court upon an inspection of the record itself; when matter of fact as well as matter of law is pleaded, the issue is to the jury. If a record upon its face shows a valid judgment, the plea of *nul tiel record* is not sustained unless there is a variance between the record offered in evidence and the declaration. *Stevens* v. *Fisher*, 30 Vt. 200 ; *Stevens* v. *Hewitt, ibid*, 262.

When this case was before us, reported in 70 Vt. 637, it was held that although the record showed that the court rendering judgment had jurisdiction, extrinsic evidence was admissible to show that it had not. The question of pleading was not raised but the case passed to this court on a *pro forma* ruling to determine if the record could be contradicted by showing want of

jurisdiction. The question now presented is whether under the plea of *nul tiel record*, the facts, that process in a suit in Maine in which the judgment sought to be recovered was rendered, was not served upon the defendant, and that he did not appear in the suit, neither by himself nor by attorney,—in effect that he had no notice of the suit,—can be shown. If the record of a judgment shows jurisdiction, extrinsic evidence is not admissible under a plea of *nul tiel record*. Pleading is to inform the court and the parties of the facts in issue; the court that it may declare the law, the plaintiff what facts to establish and the defendant what to meet by their respective proofs. A defense contradicting the record must be pleaded that the facts may be put in issue. A defect appearing upon the face of the record may be taken advantage of under a plea of *nul tiel record*, but those requiring extrinsic proof to make them apparent, must be alleged before proved. This is in accord with precedents and the elementary principles of good pleading.

2. Plaintiff's counsel was prohibited from arguing that the failure of the defendant to produce Mrs. Milenia as a witness in regard to the time he arrived in Montpelier, was a fact from which the jury might draw an unfavorable inference against the defendant. The record does not disclose that the plaintiff did not have as much knowledge on the subject of what Mrs. Milenia knew in regard to the matter as the defendant. If she had, the witness was equally within reach of both parties and the court was correct. *Arbuckle* v. *Templeton*, 65 Vt. 205; *State* v. *Fitzgerald*, 68 Vt. 125. We cannot presume the want of knowledge on the part of the plaintiff in order to reverse the judgment. For aught that is shown by the record the plaintiff had such knowledge, and the ruling therefore correct.

3. The statement of the counsel that he claimed nothing for the evidence "if it was not put in," contained an inference that he had such testimony, a fact which it was improper to state to the jury. While it may be true as argued by him, "if a case is to be reversed every time an attorney on either side mis-states

the evidence, few cases would ever stand," a few reversals will teach salutary lessons to the counsel and quicken their memory in respect to what has and what has not been shown. It is cause for reversal but it is immaterial what we hold on the question as the cause is reversed on other grounds.

*Judgment reversed and cause remanded.*