ADDISON A. LOCKWOOD *v.* GEORGE L. FLETCHER.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, WATSON and STAFFORD, JJ.

Opinion filed February 4, 1902.

*Trustee process—Oral disclosure—Waiver of statutory requirement—Audita querela—Improper argument.*

One summoned as trustee in a suit before a justice who appears and gives oral consent that judgment may be rendered against him, cannot maintain *audita querela* to set aside such judgment.

Improper argument which is immediately corrected and rebuked by the court with instructions to the jury to disregard it, affords no ground for exception.

If a party thinks such argument has influenced the verdict to his prejudice, he should move to set it aside.

AUDITA QUERELA. Plea, the general issue. Trial by jury at the June Term, 1901, Windsor County, *Start,* J., presiding. Verdict and judgment thereon for the defendant. The petitioner excepted.

The petition is brought to set aside a judgment rendered by a justice of the peace against the petitioner, as trustee, in a suit brought by the defendant against one Moses Lockwood. The petitioner appeared at the time and place of trial named in the trustee suit, and while his written disclosure was not taken therein, the evidence of the defendant herein tended to show that he orally consented that judgment should be rendered against him as trustee, for a sum which he admitted that he owed said Lockwood.

*Gilbert A. Davis* for the petitioner.

The statute is peremptory and requires a disclosure before a justice to be in writing, signed and sworn to by the party making it, and to be recorded by the justice. V. S. 1381. Without such a disclosure, the justice has no jurisdiction to render judgment against the trustee. Without such a disclosure, a judgment against a trustee would not protect him. *Seward* v. *Heflin,* 20 Vt. 144; *Marsh* v. *Davis,* 24 Vt. 363; *Allen* v. *Spafford,* 42 Vt. 116.

It was error to allow attorney Enright to make such unwarranted statements in his argument. The court did not set this matter right. Such a course of procedure allows a party to escape cross-examination and rebutting testimony by getting his lawyer to assert unproved facts in his argument. *Cutler & Martin* v. *Skeels,* 69 Vt. 161.

*J. C. Enright* and *E. R. Buck* for the defendant.

It was the duty of the petitioner as trustee to make such disclosure as the statute requires. It was his right to demand that such disclosure be taken. But he could waive the right, and did so in this case by consenting to the judgment.

The prompt rebuke which met the improper remarks in argument renders the exception thereto unavailing. No harm could have resulted to the petitioner.

STAFFORD, J.    Although V. S. 1381 requires the disclosure of a supposed trustee before a justice to be taken in writing, signed and recorded at length, yet if the trustee appears, and without making any written disclosure, consents orally that judgment may be entered against him, and it is done accordingly, he cannot maintain *audita querela* to have such judgment set aside.

Counsel, in arguing to the jury, made statements and suggestions to which objection and exception were taken; but the court having immediately corrected and rebuked the counsel and instructed the jury to disregard the remarks, there is no ground for exception.    If it was thought that the verdict had been influenced thereby, the trial court should have been moved to set it aside.    *Smith Woolen Machine Co.* v. *Holden,* 73 Vt. 396, 403, 51 Atl. 2.

*Judgment affirmed.*