## State *v.* W. C. Young.

May Term, 1902.

Present: Rowell, C. J., Tyler, Munson, Start, Watson and Haselton, JJ.

Opinion filed August 27, 1902.

*Criminal law—Improper argument—Action of court thereon.*

Although it is reversible error for a State's Attorney to refer, in argument, to the fact that the respondent has seen fit to avail himself of his "privilege" not to testify, prompt and decisive action of the trial court will cure the harm.

Information for grand larceny. Plea, not guilty. Trial by jury at the December Term, 1901, Windsor County, *Stafford, J.*, presiding. Verdict, guilty; judgment and sentence thereon. The respondent excepted.

*Charles Batchelder* for the respondent.

It was error for the prosecuting counsel to comment on the fact that respondent had seen fit to avail himself of his privilege not to testify. *State* v. *Cameron,* 40 Vt. 565. No inference can be drawn from his omission to testify. *Com.* v. *Hanley,* 140 Mass. 457.

The court did not succeed in its attempt to correct the impression made upon the jury by the improper remark. The fact that the court correctly charged the jury as to the effect of the respondent's silence is not to be considered as curing the error. *State* v. *Cameron, supra.* The remark was not withdrawn, and it is a well settled rule that if it cannot be said that a verdict is free from the influence of error, it cannot be allowed to stand. *Wilson* v. *Blake,* 53 Vt. 305.

An exception taken to improper argument is as potent to upset a verdict as is any other error committed during the trial. *State* v. *Hannett,* 53 Vt. 83; *Rea* v. *Harrington,* 58 Vt. 181; *Magoon* v. *R. R. Co.,* 67 Vt. 177.

*Charles P. Tarbell,* State's Attorney, for the state.

It is admitted that the respondent's silence is not to be taken against him, and that an argument that his failure to testify is to be considered against him, is reversible error. If error was committed, it was at once corrected by the court and the respondent's exceptions will not avail him. *Machine Co.* v. *Holden,* 73 Vt. 396.

The respondent was found with the stolen property in his possession, and the fact that he produced no evidence in explanation is properly taken against him. *Seward* v. *Garlin,* 33 Vt. 583; *State* v. *Ward,* 61 Vt. 153; *State* v. *Fitzgerald,* 68 Vt. 125.

TYLER, J. The only exception reserved was to the remark of the state's attorney in his closing argument. The respondent had not testified, and the state's attorney spoke of the fact

that he had seen fit to avail himself of his "privilege" not to go upon the stand, to which remark the respondent's counsel excepted. The presiding judge immediately said to the state's attorney that he ought not to have referred to the fact; that the statute provided that the jury should pay no attention to it; that there was no reason why the respondent should testify; that the state must make out its case, and the fact that the respondent had not testified could not help the state's case at all. The state's attorney explained that he spoke of the fact as a "privilege," when the court interrupted him and said: "It is not a privilege, and it is not to be referred to as a privilege, to keep off the stand. It ought not to be referred to at all except to say to the jury that they are not to consider it in any way whatever,—not to think of the fact that he does not take the stand. The whole burden is upon the state." The state's attorney further explained that the idea that he wished to convey to the jury by using the word "privilege" was that it was a right that the law gave the respondent and that it was not to be taken against him. In his charge to the jury the presiding judge carefully and fully explained that the fact that the respondent had not taken the stand was not to be taken against him, and could not aid the state's case in the slightest degree; that the fact should not be considered by them; that they should treat the case, so far as the respondent was concerned, as though he could not testify.

The state's attorney's first remark was improper, and even with his subsequent explanation, it was so likely to impress the jury with the fact that the respondent had not contradicted the state's evidence that it would have been reversible error had the court allowed the remark to stand. Its tendency was to defeat the purpose of the statute. If this remark were held proper, then in any case the state's attorney, after summing up the state's evidence with such force as he possessed, might call at-

tention to the respondent's silence, with the explanation that it was not to be taken against him. The natural effect of such argument would be to impress upon the minds of the jury the very fact which the statute declares shall not be taken against a party on trial for crime.

The rule laid down in *Magoon* v. *B. & M. R. R. Co.,* 67 Vt. 177, 31 Atl. 156, and reaffirmed in *Smith Woolen Machine Co.* v. *Holden,* 73 Vt. 396, 51 Atl. 2, is that the omission of the trial court to stop the counsel when he is making an unwarranted statement in his argument, to which objection is made, and requiring him to retract the statement, is to be regarded as a ruling that it is proper. In this case the prompt and decisive action of the trial court was sufficient to cure the harm, and the respondent is not entitled to have the judgment reversed and the verdict set aside.

*Let the sentence be executed.*