CHARLES SEARS *v.* MARTIN DULING.

October Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 22, 1906.

*Slander—Improper Argument—Reversible Error—Instruction—Exception on Ground Not Justified by Record.*

In an action for slander, where the defence was that defendant, in good faith and without malice, made the statement complained of as having been told him by another person whom he then named, plaintiff's exception to the court's charge as to malice only on a ground which assumed that defendant had admitted that he did not believe the words spoken, will not be considered, if the record does not show such admission to have been made by defendant.

It was reversible error to allow defendant's counsel, against plaintiff's objection, to persist in arguing that the jury should draw an inference unfavorable to plaintiff from his failure to call as a witness a person who was equally accessible to either party.

The trial court may so deal with the improper argument of counsel that no exception will lie, and the only remedy of the defeated party be an application to that court for a new trial, if he still feels that such argument was a factor in his defeat.

CASE for slander.  Plea, the general issue.  Trial by jury
at the December Term, 1905, Windsor County, *Miles,* J., pre-
siding.  Verdict and judgment for the defendant.  The plain-
tiff excepted.  In respect of the improper argument of defend-
ant's counsel, the exceptions state only that: "Neither side
improved Woodruff as a witness but it appeared during the
trial that he lived within a few miles of the parties and that
either side might have secured his attendance had they seen
fit.  Mr. G. A. Davis, attorney for defendant, stated in argu-
ment to the jury, 'Why is not Woodruff here?'  When an
objection was interposed by Mr. Buck.

Mr. Davis.—'We say they ought to have had Woodruff
here as a witness.'

Mr. Buck.—'We desire an exception.'

The Court.—'Note an exception.' "

*J. C. Enright* and *E. R. Buck* for the plaintiff.

*Davis & Davis* for the defendant.

HASELTON, J.  This was an action on the case for slan-
der.  A verdict was returned for the defendant and judgment
was rendered thereon.  The plaintiff excepted.  Of the excep-
tions taken by the plaintiff only two are relied on.  To the
charge of the court as to malice the plaintiff excepted, but
only on a ground which assumed that the defendant had
admitted that he did not believe the words spoken.  But it
does not appear that he had made such an admission.  It does
appear from the exceptions that he testified that he had no
knowledge of the matter and that he was told the story by one
Woodruff, but it nowhere appears that he admitted that he
did not believe the story.  The exception to the charge was
taken solely upon an untenable ground, and, therefore, though

questions outside of the designated ground have been argued, they have not been considered by the Court. .

In argument counsel for the defendant animadverted vigorously upon the failure of the plaintiff to call as a witness the Woodruff above mentioned. Counsel persisted in so doing after objection was made. An exception was taken and allowed and the matter was there left. The exceptions show that Woodruff lived within a few miles of the parties and was equally accessible to both. If Woodruff had told the defendant the story in question the defendant must have known the fact as well, at least, as the plaintiff; and so it would be absurd to apply the rule in the *McCabe Will Case,* 73 Vt. 175, 50 Atl. 804, and say that the testimony that Woodruff could give may have been peculiarly within the knowledge of the plaintiff. It did not lie in the defendant's mouth to ask the jury to draw conclusions unfavorable to the plaintiff from the plaintiff's failure to call Woodruff as a witness.

. The error in the argument was palpable and prejudicial. *State* v. *Fitzgerald,* 68 Vt. 125, 34 Atl. 429; *Wood* v. *Agostines,* 72 Vt. 51, 47 Atl. 108.

This Court has endeavored to make clear the impropriety and injustice of the argument indulged in in this case, and the trial court was, perhaps, wise in giving the plaintiff an exception which is available, although the matter might have been so dealt with that no exception would lie, and the plaintiff, if he still felt that the viciousness of the argument was a factor in his defeat, would have had no other remedy than an application for a new trial. *Smith Woolen Co.* v. *Holden,* 73 Vt. 396, 51 Atl. 2; *Lockwood* v. *Fletcher,* 74 Vt. 72, 52 Atl. 119; *State* v. *Young,* 74 Vt. 478, 52 Atl. 1047; *Kilpatrick* v. *Grand Trunk Ry. Co.,* 74 Vt. 288, 52 Atl. 531; *Billings* v. *Ins. Co.,* 70 Vt. 478, 41 Atl. 516.

In respect to the error in argument this case stands as stood *Montpelier & Wells River R. R. Co.* v. *Macchi,* 74 Vt. 403, 52 Atl. 960; *Blaisdell & Barron* v. *Davis,* 72 Vt. 295, 48 Atl. 14; *Wood* v. *Agostines,* 72 Vt. 51, 47 Atl. 108; *Daggett* v. *Champlain Mfg. Co.,* 71 Vt. 370, 45 Atl. 755; *Ranchau* v. *Rutland R. R. Co.,* 71 Vt. 142, 43 Atl. 11; *Cutler* v. *Skeels,* 69 Vt. 154, 37 Atl. 228; *State* v. *Fitzgerald,* 68 Vt. 125, 34 Atl. 429; and *Magoon* v. *Boston & Maine R. Co.,* 67 Vt. 177, 31 Atl. 156.

The doctrine of the cases cited is once more affirmed.

*Judgment reversed and cause remanded.*