JOHN GOWAN ET UX. *v.* L. W. STEVENS.

Special Term at St. Johnsbury, April, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 7, 1910.

*Pleading—Misjoinder of Plaintiff—Remedy by Amendment Under P. S. 1498—Scope and Effect—Nonsuit of One Plaintiff and Judgment for the Other.*

A nonsuit is a judgment based on the process or pleading, to which the plaintiff who is nonsuited is as much a party after that judgment as before; therefore, P. S. 1498, permitting an amendment of a process or pleading by allowing the court to "strike out the name of a party improperly joined as plaintiff, upon such terms as it thinks proper," does not authorize the curing of a misjoinder of two plaintiffs, which was first revealed by the facts found, by allowing one of them to become nonsuited, and rendering judgment for the other.

Where a misjoinder of plaintiffs is not disclosed by the pleadings, but is first apparent from the facts found, it is ground for nonsuit on the trial.

On judgment of nonsuit in an action of replevin against an officer for goods by him attached in a suit against one of the plaintiffs, where it appears that before the return day of that suit the claim of the attachment creditor was satisfied, and on the return day thereof the suit was entered settled and discontinued, no order for the return of the property will be made, as, regardless of its ownership, or of whether it was attachable, defendant is not entitled to its return.

REPLEVIN. Plea, the general issue. Trial by court at the October Term, 1909, Essex County, *Taylor*, J., presiding. After the court made its findings of fact, and at the request of plaintiff, Kitty Gowan, judgment of nonsuit was entered against her, and thereupon judgment was rendered against the defendant in favor of the other plaintiff. The defendant excepted. The opinion sufficiently states the case.

*H. W. Blake* for the defendant.

*George L. Hunt* for the plaintiffs.

WATSON, J. The property in question was attached by the defendant, a deputy sheriff, in a suit brought to collect a debt against the husband, and in the suit at bar the same property is replevied, the husband and wife joining as plaintiffs. It is found that the larger part of the property, both in number of articles and in value, belonged to the wife; that some of it was acquired by her before marriage, and the rest, after marriage by gift from her husband. By statute all articles of the first class are held by her to her sole and separate use, and are not liable for the debts of the husband. P. S. 3040. Whether on the facts presented the articles of the second class are held by her in the same way as against the attaching creditor of the husband it is unnecessary to decide.

The rest of the property attached belonged to the husband, and some of it at least comes within the statutory exemptions. None of the goods replevied are the joint property of the plaintiffs.

After finding the facts the court below in its discretion, against the objection of the defendant and subject to his exception, allowed the plaintiff wife to become nonsuit on the ground that she was improperly joined as plaintiff, and then rendered judgment for the plaintiff husband to recover. To be sustainable, this action of the court must be within its power of amendment under section 1498 of the Public Statutes, by which it may "strike out the name of a party improperly joined as plaintiff, upon such terms as it thinks proper." So the question is, whether under this clause of that section the party misjoined as plaintiff may be nonsuited after facts found, and then judgment rendered in favor of the remaining plaintiff.

The law giving such power of amendment, as first enacted (Laws of 1890, No. 25), by its terms has reference only to civil process or pleading, and it has no other reference under the revision of 1906. The court may thereby eliminate from the process or pleading the name of a party thus improperly joined, without rendering judgment for or against him, to the end that the process or pleading may be in such form that final judgment on the merits may be rendered between the proper parties to the suit. A nonsuit is a judgment based upon the process or pleading, and when rendered the person nonsuited remains a party to the process or pleading the same as before. As far as he is concerned the action may be ended, but the amendment essential to remedy the fault of misjoinder has not been effected. The exception therefore must be sustained.

The case then stands on the facts found, with the plaintiffs misjoined; and since the objection does not appear on the face of the pleadings it is a ground of nonsuit on the trial. 1 Chitty Pl. 66.

Before the return day of the suit in which the property was attached the claim of the attaching creditor was satisfied, and on the return day that suit was entered settled and discontinued. In these circumstances, regardless of the ownership of the property, or of whether it was attachable or not, the defendant is not entitled to a return of it and no order therefor will be made. *Smith Woolen Machine Co.* v. *Holden,* 73 Vt. 396, 51 Atl. 2.

*Judgment reversed, and judgment of nonsuit.*