FRANK C. HAYDEN, Appellant, *v.* NEW YORK RAILWAYS COMPANY, Respondent.

**Negligence — collision between trolley car and taxicab in which plaintiff was riding — evidence — when no unfavorable inference should be drawn from fact that plaintiff did not call taxicab driver as witness — erroneous charge and refusal to charge.**

Plaintiff brought this action to recover damages alleged to have been sustained as the result of a collision between a hired taxicab in which he was riding and one of defendant's cars. The driver was at no time in the employ of or under the control and influence of plaintiff. Otherwise than by the subpœna or request of plaintiff he was present at the trial of the action with the knowledge of defendant. Each party swore various witnesses to sustain his or its version of the accident, but neither party called him as a witness. *Held,* that plaintiff fairly came within the terms and protection of the rule that no unfavorable inference may be drawn by a jury because a party fails to call as a witness one who is in a legal sense a stranger to him and is equally available to the other side. *Held, further,* that in view of what had been already charged, it was error for the court to refuse to charge " that there is no evidence in this case that the testimony of this witness would be unfavorable to plaintiff."

*Hayden* v. *New York Railways Co.,* 192 App. Div. 950, reversed.

(Argued January 26, 1922; decided February 28, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 8, 1920, affirming a judgment in favor of defendant entered upon a verdict.

*Frank Case Hayden* and *Charles H. Tuttle* for appellant. The court's charge was gravely prejudicial, in that in effect it instructed the jury that if they considered that the driver of the plaintiff's taxicab would be liable to favor the plaintiff's side, they might assume that had he been called his testimony would have been adverse to the plaintiff. (*Stickney* v. *Ward,* 21 Misc. Rep. 449; *Neale* v. *Nassau El. R. R. Co.,* 161 App. Div. 95; *Minch* v. *N. Y. & Q. C. R. R. Co.,* 80 App. Div. 324; *Sugarman* v. *Brengel,* 68 App. Div. 377; *Sherlock* v. *G. A. Ins. Co.,* 21 App. Div. 18; *Bleecker* v. *Johnston,* 69 N. Y. 309; *Reehl* v. *Fraas,* 129 App. Div. 563.) The refusal of the court to charge that there was no evidence that the testimony of Seaborn would be unfavorable to the plaintiff was gravely prejudicial error. (*Carney* v. *N. Y. City Ry. Co.,* 52 Misc. Rep. 499; *Bleecker* v. *Johnston,* 69 N. Y. 309.)

*P. Ingram Jones* and *James L. Quackenbush* for respondent. The court committed no error in refusing to charge plaintiff's request. (Code Civ. Pro. §§ 887, 889.)

HISCOCK, Ch. J. Plaintiff brought this action to recover damages alleged to have been sustained as the result of a collision between a hired taxicab in which he was riding and one of defendant's cars. It is unnecessary to go into the details of the collision because no claim is made by defendant upon this appeal that there was not evidence entitling the plaintiff to go to the jury upon the questions respectively of defendant's negligence and his contributory negligence. The only questions requiring our consideration are those arising from the failure of the

[233 N. Y. 34]    Opinion, per HISCOCK, Ch. J.    [Feb.,

plaintiff to call the driver of the taxicab as one of his witnesses and the instructions of the trial court in connection with such failure.

This driver was at no time in the employ of or under the control and influence of plaintiff. After the accident he called upon the latter at the hospital and made a statement with reference to the collision and thereafter employed some attorney on his recommendation. Subsequently plaintiff procured his evidence to be taken upon a deposition and still later made a motion to suppress such deposition. Otherwise than by the subpœna or request of plaintiff he was present at the trial of the action with the knowledge of defendant. Each party swore various witnesses to sustain his or its version of the accident, but neither party called him as a witness. Under these circumstances the inquiry arises whether plaintiff's case became subject to any unfavorable inferences because of his failure to call this man as a witness.

The general rule is that no such inference may be drawn by a jury because a party fails to call as a witness one who is in a legal sense a stranger to him and is equally available to the other side. (*Jordan* v. *Austin,* 161 Ala. 585; *Cullum* v. *Colwell,* 85 Conn. 459; *State* v. *Fitzgerald,* 68 Vt. 125; *Wood* v. *Agostines,* 72 Vt. 51; *Briody* v. *Persian Monarch,* 49 Fed. Rep. 669; *The Oregon,* 133 Fed. Rep. 609, 629.) We think plaintiff fairly came within the terms and protection of this rule. As has already been pointed out there was no more relationship between him and the driver than there was between the driver and the defendant. It is doubtless true that his application for leave to take the evidence of the man on deposition indicated a belief that his evidence would be material and helpful. The presence, however, of the proposed witness at the trial prohibited the use of this deposition and we know as a matter of ordinary experience that there may be many reasons

1922.]          Opinion, per HISCOCK, Ch. J.        [233 N. Y. 34]

aside from unfavorable attitude which render it profit-
less to call one as a witness for the purpose of giving
testimony which is essentially cumulative. But if we
should assume that all of the other circumstances would
have permitted an unfavorable inference as the result
of a failure of the plaintiff to call this witness, we think
that the significance of these circumstances was entirely
offset and nullified by the failure of the defendant to
call him. He was just as available to it as to the plaintiff.
It was not subject to the disadvantage of being com-
pelled to call as a witness one whose knowledge and
attitude were unknown to it while being known to the
other side. His evidence which had been taken upon
deposition fully advised defendant of what this man
claimed and of the theory of the accident to which he
had become anchored by his sworn testimony on the
deposition. When knowing all this it did not consider
him to be so favorable to its side that it desired to call
him, we do not well see how it could be inferred that he
also would be so unfavorable to the other side that it
did not desire to call him. The balance of his testimony
could not well be unfavorable to both sides. The most
that could be assumed would be that it was of such a
character as to be of negligible value for either side.

The next and remaining question is the one whether
the court by its instructions denied to plaintiff the benefit
of the rule which we have stated and permitted unfavor-
able inferences to be drawn against him because he did
not call this person. The trial justice in response to the
request of plaintiff's counsel originally charged in sub-
stance that no duty was incumbent upon the plaintiff
to call the driver as a witness. Thereupon defendant's
counsel made the request: " I ask your Honor to charge
the jury that they may take into consideration their
failure to call him and say what they think," and the
court charged: " The law is that if there is testimony
which is favorable to either party and the party in whose

favor the testimony is or liable to be, fails to call that witness, the jury may assume that had he been called his testimony would have been adverse." No exception was taken to this charge, but plaintiff's counsel then requested the court " to charge the jury that there is no evidence in this case that the testimony of this witness would be unfavorable to plaintiff," and the court having declined to make this charge exception was duly taken.

The charge made by the trial justice in response to the request of defendant's counsel and which has been quoted is so confusedly expressed that it is somewhat difficult to grasp its exact meaning. We are inclined to think, however, that the idea which the justice intended to convey to the jury was the one that if a party fails to call as a witness one who apparently would give favorable testimony if he could, the jury may assume that if called his testimony would have been adverse. Of course the meaning and application of this instruction in the present case was that the situation was such as between plaintiff and the taxicab driver that the jury might draw the inference that the evidence of the latter would have been unfavorable to the former if he had been called. While this charge passed without any exception and, therefore, does not of itself present a basis for claim of error it is of considerable materiality as bearing upon the following refusal of the court to charge that there was no evidence in the case that the testimony of the taxicab driver would have been unfavorable to the plaintiff. Interpreted in the light of what he had just said we think that the jury could not have understood his refusal as meaning otherwise than that it could assume that if the driver had been called he would have given evidence unfavorable to the plaintiff. Thus the defendant secured the benefit as an additional witness of one who knew intimately of the occurrence under investigation and this in spite of the fact that knowing what he would testify to it had been unwilling to call him as its witness. This must

have been a serious handicap to the plaintiff's case with the jury and under the circumstances we think that it was an erroneous and unjust one which calls for a reversal of the judgment. (*Wood* v. *Agostines,* 72 Vt. 51, 54; *Cross* v. *L. S. & M. S. Ry. Co.,* 69 Mich. 363; *Fonda* v. *St. Paul City Ry. Co.,* 71 Minn. 438.)

HOGAN, CARDOZO, POUND and MCLAUGHLIN, JJ., concur; CRANE and ANDREWS, JJ., dissent.

Judgments reversed, etc.