█ SYLVIA LEEAR, Individually and as Administratrix of the Estate of JOHN LEEAR, Deceased, Appellant, v JOHN W. MCGRATH CORPORATION, Defendant and Third-Party Plaintiff-Respondent. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN et al., Third-Party Defendants-Respondents.—Judgment entered January 16, 1975, in the Supreme Court,

New York County, upon a general jury verdict in favor of defendant, unanimously affirmed, without costs and without disbursements to either party. It was not error for the trial court to refuse to charge as requested by plaintiff's counsel that an inference adverse to defendant, John W. McGrath Corporation (McGrath), could be drawn by the jury because of McGrath's failure to call certain one-time employees of McGrath. The persons in question had been casual employees hired by McGrath from the union hiring hall from day to day, as needed, and they had last been employed by McGrath in 1970, approximately five years prior to the instant trial. There was no showing that, at the time of trial, such persons were under McGrath's control or that they were not equally available to all parties. While it is clear "that 'control' of a witness is used in a very broad sense to include 'influence of' as well as employment or management" *(People v Moore,* 17 AD2d 57, 60, citing *Hayden v New York Rys. Co.,* 233 NY 34), it does not appear from this record that either criterion was met. "The general rule is that no such inference may be drawn by a jury because a party fails to call as a witness one who is in a legal sense a stranger to him and is equally available to the other side." *(Hayden v New York Rys. Co., supra,* p 36.) Whether or not James Meehan, the hi-lo operator was negligent and, if so, whether such negligence was the proximate cause of the accident were questions properly submitted to and passed upon by the jury. We cannot conclude that the verdict in favor of the defendant could not have been reached upon any fair interpretation of the evidence. It therefore should not be set aside. *(Marton v McCasland,* 16 AD2d 781, 782.) Concur—Stevens, P. J., Kupferman, Lupiano, Lane and Lynch, JJ.