### NORTHERN PAC. R. CO. v. CONGER.

(Circuit Court of Appeals, Eighth Circuit. May 1, 1893.)

#### No. 205.

1. EVIDENCE—SUFFICIENCY—QUESTION FOR JURY.
   In an action for personal injuries, where the testimony of plaintiff's witnesses, if believed, is sufficient to make out his case, the question whether they, or defendant's witnesses, who contradicted them, are more worthy of belief, is for the jury, and it is proper to refuse to direct a verdict for defendant.

2. TRIAL—CONDUCT OF COUNSEL—REVIEW.
   Where an interview between plaintiff's counsel and one of defendant's witnesses, and the remarks of the counsel to the jury in regard thereto, are not objected to at the trial by defendant, and the trial court takes no notice of the episode, it will not be considered by the reviewing court.

In Error to the Circuit Court of the United States for the District of Minnesota.    Affirmed.

Statement by CALDWELL, Circuit Judge:

This was an action at law, brought by P. F. Conger, the defendant in error, against the Northern Pacific Railroad Company, plaintiff in error, in the circuit court of the United States for the fifth division of the district of Minnesota, to recover $25,000 damages, for a personal injury, which the plaintiff alleged he sustained through the negligence of the defendant. There was a jury trial, and a verdict for the plaintiff for $12,000, for which judgment was rendered. On a motion for a new trial the court passed an order that unless the plaintiff remitted $3,000 from the judgment a new trial would be granted. The plaintiff entered a remittitur for that amount, and thereupon the motion for a new trial was overruled, and the defendant sued out this writ of error.

C. D. O'Brien, J. H. Mitchell, Jr., and Tilden R. Selmes, for plaintiff in error.

F. D. Larrabee, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge, (after stating the facts as above.) It is assigned for error that the court refused, at the request of the defendant, at the close of all the evidence in the case, to return a verdict for the defendant. The plaintiff's evidence, if believed, was sufficient to sustain the verdict. This is not contested, but it is said the plaintiff's witnesses were unworthy of credit, and that their testimony was disproved by the witnesses for the defendant. It was for the jury to say whether, and how far, the evidence was to be believed. If, by giving credit to the plaintiff's evidence, and discrediting the counter evidence, the plaintiff's case was made out, the court should not have withdrawn the case from the jury.

One of the grounds for a new trial was that the verdict of the jury was arrived at by adding together the several sums each juror thought the plaintiff ought to recover, and dividing the aggregate sum by 12. But the allegation was not proved, and was, indeed, disproved. It was not a quotient verdict. Moreover, the denial of a motion for a new trial cannot be assigned for error.

An interview of the plaintiff's attorney with one of the defendant's witnesses, and what he said about the interview in the course of his argument to the jury, is made a ground of exception. The episode was not noticed by the trial court. No objection was entered, and no exception taken to anything said or done in relation to it. The matter concerned the attorney's action, and raised a question of professional ethics which had no relation to the case on trial, and cannot affect its decision in this court. If it were otherwise, and the decision of the case depended on our affirming the propriety of the attorney's action, the judgment below would have to be reversed. The judgment of the circuit court is affirmed.