F. E. DOUGLAS *v.* CHARLES A. CARR.

October Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed November 18, 1907.

*Assault and Battery—Evidence—Trial—Misconduct of Coun-sel—Improper Argument—Retraction—Effect.*

Whether a retraction by counsel of an improper remark to the jury will be held to have cured the mischief done, depends on the spirit and manner in which the retraction is made.

In an action by a railway clerk against a car cleaner for assault and battery, plaintiff's counsel, in his opening statement and during the course of the trial, sought to convey to the jury the idea that the railroad company instigated the assault, and in his closing argument he characterized a witness produced by plaintiff as the attorney of the railroad company, made unfair comments on his

testimony, and then said: "If you were going to send your boy out into the world to earn a living, do you want him to be hounded by the railroad company and its miserable tools?" On objection, he said that he did not want to step over the bounds, but thought from the evidence the railroad company had something to do with the affair, and then withdrew the remark. *Held,* that such withdrawal did not cure the error, which was prejudicial, there being no evidence that the railroad company had any connection with the assault.

Evidence that plaintiff was not in favor with the railroad officials was insufficient to connect such officials or the railroad company with the assault.

TRESPASS for assault and battery. Pleas, the general issue, and a special plea justifying the assault in defence of defendant's possession of a car that he was sweeping and cleaning. Trial by jury at the December Term, 1906, Lamoille County, *Miles,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion fully states the case.

*Frederick G. Fleetwood, Harland B. Howe,* and *Herbert W. Hovey,* for the defendant.

The spirit of the times is such that railroad corporations are not in good favor with jurors, but their misfortune in that respect should not be visited on the employees who clean their cars. The argument was erroneous and prejudicial. *Sears* v. *Duling,* 79 Vt. 334; *Montpelier etc. R. Co.* v. *Macchi,* 74 Vt. 403; *Blaisdell & Barron* v. *Davis,* 72 Vt. 295; *Wood* v. *Agostines,* 72 Vt. 51; *Daggitt* v. *Champlain Mfg. Co.,* 71 Vt. 370; *Ranchau* v. *Rutland R. R. Co.,* 71 Vt. 142; *Cutler* v. *Skeels,* 69 Vt. 154; *State* v. *Fitzgerald,* 68 Vt. 125; *Magoon* v. *Boston & Maine R. R. Co.,* 67 Vt. 177.

*R. W. Simonds* for the plaintiff.

In an action for assault and battery, any act of the defendant prior to the assault tending to show ill will or malice toward the plaintiff is admissible. 3 Cyc. 1090, n. 45, and cases cited. All the authorities hold that evidence of the defendant's

insulting manner toward the plaintiff, or his conduct, or declarations indicative of malicious intent or motive is competent evidence of malice. And any evidence tending to show malice or motive is a circumstance tending to show how the assault occurred. *Armstrong* v. *Noble*, 55 Vt. 428; *Edwards* v. *Levitt*, 46 Vt. 127; *Howland* v. *Day & Dean*, 56 Vt. 318; *State* v. *Emery*, 59 Vt. 84; *Corruth* v. *Jones*, 77 Vt. 441; Abbott's Brief on Facts, p. 459, §2, and cases cited.

Although it is true, as was held in *Magoon* v. *R. R. Co.*, 67 Vt. 177, that where, upon objection, the court permits counsel to make improper argument to the jury, that is a ruling that the argument is proper, yet, where, as here, the court stops counsel in such argument there is no such ruling, and so no exception lies. *State* v. *Young*, 74 Vt. 478; *Machine Co.* v. *Holden*, 73 Vt. 396.

TYLER, J. Trespass for an assault and battery; plea, justification, replication, *de injuria*. The plaintiff was a mail agent on the St. Johnsbury and Lake Champlain Railroad and the defendant was a car cleaner on that road. At the time of the alleged assault, while a car was standing on a side-track in St. Johnsbury, the defendant was cleaning the smoking-room of the car which also contained the mail-room and the baggage-room. The plaintiff's evidence tended to show that while he was engaged in his work in the mail-room he went into the smoking-room and found fault with the defendant about the water-tank in the plaintiff's room not being properly filled and the lamps not being properly cleaned; that the defendant ordered him to leave the room, pushed him out and shut the door upon him, pinching his fingers in the door; that mail matter had accumulated in that part of the car and that he passed through the room where the defendant was at work for the purpose of removing the mail matter, and that he was rightfully in that room when assaulted. The defendant's evidence tended to show that there was no mail matter in that part of the car, that the plaintiff had no occasion to pass through that room and that he was wrongfully there. The defendant testified that the plaintiff immediately returned to the smoking-room, "stood in front of where the defendant was sweeping," when he again pushed him out. The plaintiff conceded that if any force was

justifiable the defendant did not use unnecessary force in re-
moving him from the room.

The issue made by the parties in their evidence, under the
pleadings, was whether the plaintiff was rightfully in the
smoking-room while in the performance of his duties, or wrong-
fully there, as the defendant claimed.

The plaintiff's counsel evidently undertook to try his case
upon the theory that the railroad company was responsible
for the defendant's acts. In his opening statement to the
jury he said that he should show that the plaintiff "had got
himself into disfavor with the railroad company prior to the
alleged assault; that immediately after the assault the officials"
———. At this point he was interrupted by an exception
being taken by the defendant's counsel and he did not finish
the remark, nor did he retract it.

The remark was well calculated to give the jury an im-
pression that the company or its officials instigated the assault.
It was immediately followed by the plaintiff's attorney calling
the defendant as a witness, and, under the defendant's excep-
tion, asking him whether, "prior to this fracas" he did not
know that there was friction between the plaintiff and the rail-
road officials, to which the defendant replied that he did know
that fact. A question arose upon the competency of such evi-
dence and the attorney informed the court, in the presence of
the jury, that he should offer to show, before the trial closed,
that the defendant assaulted the plaintiff by direction of one
of the railroad officials. In the same line he got before the jury
the fact that it was the duty of the railroad company "to take
care of the mail part of the car as to cleaning it" and that it
employed the defendant for that purpose.

Mr. Blodgett, who was an attorney for the railroad com-
pany in other matters, had been called as a witness for the
plaintiff. The plaintiff's attorney, in his closing argument, took
occasion to characterize him as an attorney for the railroad com-
pany and made unfair comments on his testimony. In that
argument he also said to the jury: "If you were going to
send your boy out into the world to earn a living, do you want
him to be hounded by the St. Johnsbury and Lake Champlain
railroad company and its miserable tools?" The defendant
excepted to the remark and the Court asked the attorney if he

insisted upon it. The latter replied: "I do not want to step over the bounds, but I think from the evidence in the case that the St. Johnsbury and Lake Champlain Railroad Company have had something to do in this affray." The exceptions state that he then withdrew the remark.

It is true that, as a general rule, a full retraction by counsel of an improper remark to the jury is held to cure the mischief done, but that must depend upon the spirit and manner in which the retraction is made. In this case the attorney, under the cover of a formal withdrawal of the remark, expressed his belief that the railroad company was in some way responsible for the occurrence. It seems to have been his purpose throughout the trial, to impress upon the minds of the jurors the idea that the railroad company instigated the assault and was the real defendant. He first stated it in his opening remarks and then drew from the defendant the fact that there was friction between the railroad company and the plaintiff. This was followed by an announcement to the court that he should show that the assault was made by direction of the railroad officials. The remark in the closing argument was made as though he had shown that fact, when no such fact had been proved, nor had been offered in evidence, though he had been told by the court that he might make the offer without objection.

The fact that the plaintiff was not in favor with the Railroad officials would not, in law, have connected them or the Company with the assault.

The remarks made by the plaintiff's counsel to the jury, and those made in their presence, were calculated to mislead them by giving them an impression that the railroad company was connected with the assault, if not legally liable for it. Their natural effect was to prejudice the jury against the defendant and place him at a disadvantage with them, and the case does not show that the court cautioned the jury not to be influenced by them. The case falls within the rule repeatedly laid down by this Court. Judge Veazey said in *Rea* v. *Harrington*, 58 Vt. at page 190, 2 Atl. 481, that the impropriety and wrong of counsel thus stating or assuming facts in argument which are outside of all evidence are perfectly manifest. If a deliberate act, its object can be only to have the jury

consider as facts something not in the case, and thus induce a verdict not warranted by the evidence.     When counsel persistently travel out of the record, basing argument on facts not appearing, and appealing to prejudice, irrelevant to the case and outside of the proof, it not only merits the severe censure of the court, but is valid ground for exception.     To state as facts pertinent to the issue, matters not in evidence, or to assume in argument that such facts are in the case, when they are not, is sufficient to reverse a judgment.     This is the rule stated in the notes to *McDonald* v. *People,* 126 Ill. 150, 9 Am. St. R., at page 559, and supported by a multitude of cases there cited.     The Court should not be given occasion to enforce these familiar rules.

*Judgment reversed and cause remanded.*