FRANK BARRELL *v.* FRANK L. DICKINSON.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 6, 1909.

*Action for Fraud—Evidence—Subsequent Conduct to Show Character of Prior Acts—Trial—Improper Argument of Counsel—Retraction —Witnesses —Credibility —Conviction of Crime—Withdrawal of Erroneous Instruction—Effect.*

In an action founded on fraud in the sale of an unsound horse to be paid for by a check which plaintiff represented that his employer

was to furnish, evidence that, after the trade was made and before delivery, defendant asked the employer whether he was to furnish such a check, and learned that he was, is not admissible as tending to show that defendant was conscious that he was committing a fraud on plaintiff, and was making sure of his money before plaintiff got possession of the horse, and had an opportunity to discover its unsoundness.

The remark of plaintiff's counsel in argument to the jury, referring to one of plaintiff's expert witnesses, "Here is this man Lewis, who hangs around here at his $15 a day," was improper, but it is not decided whether the action of the court in directing the jury to disregard the remark cured the error, without a proper retraction by counsel.

The effect of a retraction by counsel of an improper remark to the jury depends on the spirit and manner in which it is made, and where plaintiff's counsel, referring to one of defendant's expert witnesses, said, "Here is this man Lewis who hangs around here at his $15 a day," and then the court said: "That must not be characterized as 'hanging around,' any citizen has a right to stay here, no matter whether a witness or an onlooker," and the counsel thereupon remarked, "Well, I will withdraw it, but he is still here," the pretended withdrawal was as offensive as the original remark.

For the purpose of discrediting a witness the court may, in its discretion, allow to be shown the fact that he had committed a crime not involving moral turpitude.

Where the court instructed the jury that a sound price alone does not constitute a warranty, and upon exception by defendant for that there was no evidence to show whether the amount paid was a sound price, the court plainly withdrew the instruction, and directed the jury to disregard it, the error, if any, was cured.

ASSUMPSIT on an alleged promise that a horse sold by defendant to plaintiff was capable of doing certain work. Plea, the general issue. Trial by jury at the June Term, 1909, Windsor County, *Hall,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Charles Batchelder* for the defendant.

*Davis & Davis* for the plaintiff.

POWERS, J. 1. The plaintiff bought a horse of the defendant for eighty-five dollars. The trade was made on the evening of January 15, 1908, but the horse was not to be delivered until the next day, and was to be paid for, as the plaintiff represented, by a check which his employer, Earl Martin, was to furnish. Delivery and payment were made accordingly. Subject to the defendant's exception, the plaintiff was allowed to show that the defendant, after the trade was made and (as shown by the amended exceptions) before the delivery, saw Martin and asked him if he was to furnish such a check, and learned that he was. This evidence was offered and admitted on the ground that the defendant's conduct tended to show that he was conscious of being engaged in committing a fraud on the plaintiff and that he was making sure of his money before the plaintiff got possession of the horse and had an opportunity to discover its unsoundness. That subsequent conduct may, in many cases, be given in evidence to show the character of prior acts is a familiar rule. Such evidence is admitted because, from our experience in practical affairs, we feel safe in inferring the fact to be proved from the one shown. Some liberality is indulged in in such cases; and the evidence should be received whenever the fact to be proved is at least a fairly possible inference therefrom, though not conclusive or even the most natural one. 1 Wig. Ev. §265. But here the inference which the plaintiff asked the jury to draw from the evidence was wholly unwarranted. There was nothing unnatural or suspicious in the defendant's conduct— nothing to suggest prior misconduct in his deal with the plaintiff. On the contrary, it was nothing more than the natural precaution of a man about to dispose of his property to one on his unsupported statement that payment was to be made by another. The evidence should have been excluded.

2. Dr. Lewis, a veterinarian, was an expert witness for the defendant. On cross-examination he testified that he was to receive fifteen dollars per day and expenses. He was in and about the court room after the evidence closed and during the arguments to the jury. During the closing argument for the plaintiff, counsel said: "Here is this man Lewis who hangs around here at his $15 a day." Counsel for the defendant having seasonably objected and claimed an exception, the court said: "That must not be characterized as 'hanging around';

any citizen has a right to stay here, no matter whether a witness or an onlooker. You had better withdraw that statement.'' Whereupon, plaintiff's counsel remarked: ''Well, I will withdraw it,—but he is still here.'' Counsel for the defendant again claimed an exception, and the court addressed the jury as follows: ''You will pay no attention to what Mr. Davis says, gentlemen, about Dr. Lewis still being here. I understand he withdraws that as no part of his argument.'' The court then allowed the defendant an exception and the incident closed.

It is much to be regretted that this Court is so frequently called upon, of late, to pass upon questions of improper or intemperate argument. It is feared that the effect which should have followed our occasional reversals for such errors has not been so wholesome as was to be desired. Infrequent and unintentional lapses of this character are, of course, bound to occur; but there is some doubt whether this one belongs to that class. It is difficult to understand how the mere fact that a witness remains to hear the arguments in the case could be thought to afford the basis for an adverse inference. The court below properly considered the argument unwarranted. The withdrawal which followed was quite as offensive as the original transgression. It was in form, both a withdrawal and a reiteration; in effect, it was no withdrawal at all. We said in *Douglas v. Carr,* 80 Vt. 396, 67 Atl. 1089, that the effect of a retraction by counsel of an improper remark to the jury depends upon the spirit and manner in which it is made. Inasmuch as the case is to be reversed on other grounds and this unfortunate incident will not be likely to recur in another trial, we leave undecided the question whether the action of the court without a proper retraction by counsel, cured the error of the improper argument.

3. It appeared that the plaintiff, on a plea of guilty, had been convicted of burglary, and that Dr. Lewis had been convicted of intoxication. The court, in charging the jury, said: ''If a party or a witness has been convicted of a crime, and you think that fact should detract from his evidence, you will consider the evidence with that fact.'' The defendant excepted, explaining that he claimed that intoxication was not properly included in the word ''crime'' when so used. Whereupon, the court said to the jury: ''In calling your attention to the consideration you should give if you find any party convicted of a crime, I should have added 'any crime involving moral turpitude.' Lar-

ceny involves moral turpitude; drunkeness does not, under the law.'' But the court was right in the charge as first given, and by the supplemental charge on this subject gave the defendant more than he was entitled to. It was held in *McGovern* v. *Hays & Smith,* 75 Vt. 104, 53 Atl. 326, that for the purpose of discrediting a witness, the trial court might, in its discretion, allow it to be shown that he had been convicted of a crime not involving moral turpitude. The evidence regarding the conviction of Dr. Lewis was in the case,—apparently without objection, and it was not error to submit it to the jury as it was in the original instruction.

4. In the course of the charge the court said: ''A sound price alone does not constitute a warranty.'' The defendant excepted on the ground that there was no evidence in the case to show whether or not the amount paid for the horse in question was a sound price. Thereupon, the court withdrew the instruction and directed the jury to disregard it. This was done in language so plain as to make it impossible for the jury to be confused or misled, and the error, if any, was thereby cured. *Sergeant* v. *Martin,* 133 Pa. 122, 19 Atl. 586; *Foote* v. *Brown,* 81 Conn. 218, 70 Atl. 699; Hughes' Instr. Juries, §40.

*Reversed and remanded.*