STRONG & JARVIS *v.* OLDSMOBILE COMPANY OF VERMONT.

November Term, 1922.

Present:    WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 14, 1923.

*Motion for a Directed Verdict—Principal and Agent—Waiver of Terms of Contract—Payment—Question for the Jury— Directed Verdict—Necessity of Motion to Strike Out Irresponsive Answer—Burden on Excepting Party to Show Error—Improper Remarks of Counsel—Harmless Error.*

1.    On defendant's motion for a directed verdict, the evidence must be viewed in the light most favorable to the plaintiffs.
2.    Where plaintiffs had a written contract with defendant for the sale of certain of its cars, whereby the plaintiffs were to re-

ceive a certain discount thereon from the regular list price, the basis of computation being the number of cars actually delivered to plaintiffs and paid for by them, *held*, that whether plaintiffs were entitled to such discount or commission on a car sold by them to a third party and delivered by defendant, part payment of the purchase price thereon being by cash and the remainder by a lien note, was a question for the jury, inasmuch as defendant could waive the strict terms of its contract with plaintiffs, and there was evidence from which such a waiver might properly be inferred.

3. Money paid with full knowledge of all the facts relating to the claim paid constitutes a voluntary payment and cannot be recovered back, but money paid under a mistake concerning the facts is not, ordinarily, within this rule.

4. Whether a certain sum of money, paid by the plaintiffs to the defendant, was paid with full knowledge of the facts, *held*, under the evidence, for the jury.

5. Although an item in plaintiffs' specification, in an action of contract, claimed by plaintiffs to have been paid defendant by mistake, was unquestionably paid by plaintiffs with full knowledge of all the facts, the court properly directed a verdict for the plaintiffs on such item where, during the trial, the defendant admitted that the amount was charged to plaintiffs by mistake and tendered them such amount.

6. Where the reply made by one of the plaintiffs to a question asked on cross-examination, was not a direct answer to the question asked, although relevant thereto, if the defendant thought the answer prejudicial he should have asked to have it stricken out.

7. An excepting party has the burden of showing that he has been prejudiced by error, the mere allegation of error being insufficient.

8. Although a remark, made by plaintiffs' counsel in an objection to one of defendant's exhibits, referring to defendant as "trumping up these charges," was improper under the evidence, where such remark was addressed to the court, and it did not appear that the jury heard, or could have heard, it, the error was harmless.

ACTION OF CONTRACT. Plea, general denial, and declaration in set-off. Trial by jury at the March Term, 1922, Chittenden County, *Willcox*, J., presiding. Verdict and judgment for plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*M. G. Leary* for the defendant.

*Max L. Powell* for the plaintiff.

MILES, J.  This is an action of contract in the form of general assumpsit. A specification containing a single item, a claimed discount or commission on the sale of an automobile to a Mrs. Maynard, was filed with the writ. The defendant pleaded a general denial, and filed a declaration in set-off. Trial was by jury. At the close of the plaintiffs' evidence they had leave to, and did, amend their specification by adding thereto two items for money which they claimed to have paid the defendant by mistake. The pleadings previously filed by the defendant appear to have been treated as covering all questions involved in the amended specification. At the close of all the evidence the defendant moved for a directed verdict on the grounds that as to the first item the evidence did not tend to show that plaintiffs' relations to the negotiations resulting in the sale of the automobile to Mrs. Maynard were such as to entitle them to a discount or commission under their contract with the defendant, and that as to the last two items, all of the evidence tended to show that these amounts were paid voluntarily by the plaintiffs. The motion was denied and the defendant had an exception. The verdict and judgment were for the plaintiffs.

[1]  In disposing of the questions raised by the denial of defendant's motion, the evidence must be viewed in the light most favorable to the plaintiffs. This rule is too well established to require discussion.

The plaintiffs' evidence tended to show that on October 15, 1920, they entered into a contract, in writing with the defendant by the terms of which the defendant agreed to sell to plaintiffs Velie passenger automobiles of the 34 and 48 models at a discount of eighteen per cent. from the regular list price prevailing at the time of shipment or delivery, f. o. b. Moline, Illinois, the terms

of payment being cash on delivery, or sight draft attached to the bill of lading, the basis for computing the discount being the number of cars actually delivered by the defendant to the plaintiffs and paid for by the latter, and not the number of cars ordered or contracted for, and the plaintiffs were to have the exclusive right to sell cars of the models specified in the County of Chittenden; that on the same day plaintiffs sold to Mrs. Maynard, of Burlington, a Velie model 48 for $2,045.00 the prevailing price at that time, to be delivered April 1, 1921; that later Mrs. Maynard concluded that she would like her car early in March, 1921, and the plaintiffs being informed by defendant that it had a car like the model sold Mrs. Maynard, at Barre, the defendant's principal place of business, that she could have, the plaintiff Jarvis, accompanied by Mrs. Maynard, went to Barre, March 3, to get the car; that upon arriving in Barre they learned that the defendant did not have such a car, but would get one from Lebanon, New Hampshire, for delivery the following morning; that the plaintiffs understood until Jarvis and Mrs. Maynard reached Barre that she was prepared to pay the full cash price of the car; that Jarvis then learned that she had only $1,000.00 in cash, and that it would be necessary to make some arrangement for the balance if the sale went through; that this fact was then made known to the defendant, and that it was finally arranged with a Mr. Spooner, an agent of the defendant whose authority to act in the matter was not questioned, that Mrs. Maynard could have the car for $1,000.00 in cash and a lien note on the car for the balance; that after these arrangements were completed, Jarvis returned to Burlington, leaving Mrs. Maynard in Barre; that the car arrived in Barre the following morning, the sale was consummated on the terms agreed upon, and Spooner, accompanied by Mrs. Maynard, drove the car to Burlington; that nothing was said during the negotiations at Barre about plaintiff's discount or commission on the sale of the car to Mrs. Maynard, and that defendant charged her hotel bill while in Barre to the plaintiffs. and they paid it.

While the defendant's evidence tended to show that Jarvis was told during the negotiations at Barre that if the defendant accepted the $1,000.00 and a lien note on the car for the balance, the plaintiff would not be allowed the discount and that he assented thereto, and that Mrs. Maynard's hotel bill was charged

to the plaintiffs by mistake, circumstances tending to refute plaintiffs' claim, we must, as has already been said, view the evidence in the light most favorable to the plaintiffs.

[2]    That the defendant could waive the strict terms of its contract with plaintiffs cannot be doubted, and we cannot say as a matter of law that plaintiffs' evidence did not tend to show such waiver.    If no reference was made to the plaintiffs' discount or commission during the negotiations at Barre which resulted in the sale of the car to Mrs. Maynard, and the defendant charged her hotel bill to the plaintiffs without mistake, both questions which were for the jury, a natural and proper inference would be that the defendant treated the sale as one in which the plaintiffs were entitled to the discount named in the contract. This question was properly submitted to the jury.

[3, 4]    The rule is well established that money paid with full knowledge of all the facts relating to the claim paid constitutes a voluntary payment and cannot be recovered back, but money paid under a mistake concerning the facts is not, ordinarily, treated as falling within this rule.    Nor does the defendant claim otherwise, but it claims that as to the second item in the specification ($29.06) "there is no evidence disputing the fact that this item was voluntarily paid by the plaintiffs after discussing this charge between the parties at the time of payment," and makes no other claim whatever concerning it.    A sufficient answer to this claim is that it is not borne out by the evidence.    This item was paid, or allowed, together with others, in the settlement of certain dealings between these parties conducted on the part of the plaintiffs by the plaintiff Strong, and he testified with reference to this item, on cross-examination, "I know nothing about that, and it was never mentioned."    On the sole question relied upon, namely, whether the payment was made with full knowledge of the facts, the evidence made a case for the jury.

[5]    The third item was unquestionably paid by plaintiffs with full knowledge of all facts concerning it, but during the trial the defendant admitted that the amount was charged to plaintiffs by mistake and tendered them the amount which they had paid.    In these circumstances the court properly directed a verdict for the plaintiffs upon this item.

The defendant saved an exception to the ruling of the court allowing plaintiffs to amend their specification. The only ground urged in support of this exception is that the items added to the specification were for money which the evidence showed had been paid voluntarily by the plaintiffs. What we have already said disposes of this claim.

The defendant took some exceptions to the charge. In the main, such of these exceptions as are briefed present practically the same questions raised by defendant's motion for a verdict and are covered by what has already been said. None of them is sustained.

[6] On cross-examination of plaintiff, Jarvis, he was asked: "You expected the Oldsmobile Company would deliver that car to your credit without one cent being paid on it by you or your firm?" The witness answered: "I expected my commission." To this answer the defendant excepted. While this reply was not a direct answer to the question, it was relevant thereto, and nothing appears to indicate that the witness was attempting to inject anything improper into his testimony. The evident purpose of the question was to show that, in the circumstances, the witness could not reasonably expect a commission on this car on which his firm had paid no money. If counsel thought the answer was prejudicial he should have asked to have it stricken out. The exception is not sustained.

[7] On re-direct examination by the plaintiffs, Jarvis was asked: "Did you think it made any difference to the Oldsmobile Company of Vermont whether they had the money of Strong and Jarvis in payment of this car, or the money of Mrs. Maynard who was the purchaser under you, as long as they got their pay?" And subject to defendant's objection and exception that it was immaterial, irrelevant and incompetent, was permitted to answer, and said, "No, sir." It is not certain that this answer was inadmissible in view of the cross-examination but be that as it may, it does not appear how it harmed the defendant. It is not enough that the excepting party allege error. He assumes the burden of showing that he has been prejudiced thereby. *Smith* v. *Martin et al.*, 93 Vt. 111, 128. This the defendant has failed to do.

[8] During the examination in chief of Mildred McGue, the defendant's bookkeeper and a witness called by the defend-

ant, she was shown an exhibit produced by the defendant and asked respecting the first four items thereon, whereupon plaintiff's counsel interrupted by asking. "Is that a charge against Strong and Jarvis on your books?" The witness answered, "No, it is my record." Plaintiffs' counsel then remarked: "We object to it as any evidence against Strong and Jarvis; they are not original entries charged to the plaintiffs and the defendant by his own action and his books is estopped from coming in here a year and a half afterwards—after the transaction and trumping up these charges." The defendant excepted to the language, "trumping up these charges." While the transcript shows that the defendant's method of keeping its claimed charges against the plaintiffs was not one to be commended to general use, the remark was improper. But it was addressed to the court, and not to the jury, and it does not appear that the jury heard, or could have heard, it. If not, the defendant could not have been harmed thereby; and the contrary not appearing the exception is without merit.

*Judgment Affirmed.*