## GRAND TRUNK RY. CO. OF CANADA v. BLAY.

(Circuit Court of Appeals, Second Circuit. March 3, 1924.)

No. 186..

1. **Damages ⬤⟹171—Testimony as to the poverty of an injured plaintiff held immaterial.**

Testimony as to the poverty and amount of earnings of an injured plaintiff is not admissible, unless made so by matters drawn out by defendant, as by evidence that plaintiff did not have proper treatment or care.

2. **Appeal and error, ⬤⟹207—Instruction to disregard improper remark of counsel must be requested as basis for assignment of error.**

To make available as an error at the trial an improper remark of counsel, made in the presence of the jury, an instruction to disregard the remark must be requested, and a mere exception to the remark is not sufficient.

3. **Appeal and error ⬤⟹207—Comments of counsel in argument held not reversible error.**

Comment by counsel for plaintiff in argument on the failure of defendant to call as a witness a person who was in court *held* not reversible error, where no instruction was requested that the jury should draw no unfavorable inference from the failure to call such person as a witness.

In Error to the District Court of the United States for the District of Vermont.

Action by James W. Blay against the Grand Trunk Railway Company of Canada. Judgment for plaintiff, and defendant brings error. Affirmed.

John W. Redmond, of Newport, Vt., for plaintiff in error.

Albert W. Farman, of Newport, Vt., for defendant in error.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The defendant in error was a chauffeur driving a motorcar of Mr. Prouty over a grade crossing between Lenoxville and Waterville, in the province of Quebec, in the Dominion of Canada, when he was struck by an engine pulling a work train operated by the plaintiff in error and severely injured. The charge of negligence was the failure to give timely warning of the approach of the train by whistle or bell. The verdict was for the defendant in error, and there was sufficient evidence to require the submission of the question of negligence of the plaintiff in error to the jury as a question of fact. The question of the contributory negligence of the defendant in error was likewise a jury question. From a judgment entered thereon this writ of error is taken. It presents to us many assignments of error, but two of which require our consideration.

[1] The defendant in error called a medical expert who testified to the condition of the defendant in error, saying, among other things, that he suffered from traumatic neurosis, from which he probably would never recover. On cross-examination he was asked if, "when this is off his mind and done with, it will have a beneficial effect," by

which we assume counsel referred to the law action and his recovery from traumatic neurosis. His answer was that it would have a beneficial effect. On redirect examination, counsel for the defendant in error asked the following:

"Q. They have asked you what the effect of this suit on James was, and what the effect of the termination of this suit might be. Would it, in your judgment, make some difference how the suit terminated? A. I think it would.

"Q. If it terminated in his favor, it would relieve him, wouldn't it? A. I think it would.

"Q. Suppose it terminated against him, and he found himself weighed down with a load of debt, which he couldn't pay, and without any chance of recovery, how would that affect him?

"Mr. Redmond: Objected to. My objection is 'weighed down by a load of debt which he couldn't pay.'

"The Court: You mean the expense of this lawsuit and his sickness?

"Mr. Prouty: Yes; his sickness, and getting his witnesses here, and all that; all the expense that attends a suit of this kind.

"Mr. Redmond: I object to this question as being wholly immaterial, that part of it in particular which says, in substance, being loaded with a debt which he could never pay.

"The Court: Admitted. (Exception.)

"The Court: Of course, the defendant opened up this part of the examination; that is why you can cross-examine him; you can put leading questions.

"Mr. Redmond: I don't object on the ground of leading questions.

"Q. What do you say to that, Doctor? A. It is my opinion that it would be the strongest drawback he could have, almost."

The following questions were then asked and answered without objection or exception:

"Q. Might it drive him crazy? A. Might; yes.

"Q. As he would brood over it, night after night? A. Yes, sir."

The evidence in the record indicates that the defendant in error was working for $18 per week, and since the accident continued, when able, to work for the same wages, and supported his wife and two children. There was no other evidence as to his financial ability to meet the obligations incurred by reason of the accident, or the institution of his suit to recover damages.

We cannot agree with the learned trial judge that counsel for the plaintiff in error opened the door to such redirect examination as counsel indulged in. The question on cross-examination was proper, since the claim of traumatic neurosis was made. It was limited, however, to a prospective cure that might be effected by the cause for anxiety or concern about his lawsuit being removed. A medical witness may state his opinion as to the length of time the injured plaintiff might live in the ordinary course of events, but he must do so, speaking with reasonable certainty. He may give opinion as to events which might affect his probable cure, speaking, of course, from his experience and with reasonable certainty. Evidence as to poverty and the amount of wages of an injured plaintiff is admissible, in a case where the defendant has drawn out testimony to show that the plaintiff has not had the best medical attention, care, and treatment, for the purpose of showing that he resorted to such means as were reasonably within his reach. Alberti v. N. Y., Lake Erie & Western R. Co., 118

N. Y. 77; 23 N. E. 35, 6 L. R. A. 765; McClain v. Brooklyn City Ry. Co., 116 N. Y. 468, 22 N. E. 1062. Otherwise it is not material. The use of the phrase "weighed down with a load of debt which he couldn't pay, and without any chance of recovery," was objectionable, and the objection should have been sustained. However, in view of the record, we think that this was not such a prejudicial error as to require a reversal of this judgment. The answer elicited from the witness refers to the effect as a "drawback to his cure." It was harmless.

[2] Error is assigned for an alleged improper statement made by counsel for the defendant in error in the presence of the jury. It appeared from the evidence introduced by the plaintiff in error that a Mrs. Wingrove, wife of a witness, with two others, who were witnesses, drove over the crossing in question just before the accident, and met the automobile in which the defendant in error was approaching the crossing about 550 feet east. Mrs. Wingrove was in court at the trial, but was not called by either party. There was testimony by the passengers of this automobile that Mrs. Wingrove remarked to her husband, "Artie, that crossing bell isn't ringing." Previous to the trial, an effort was made to take the testimony of Mrs. Wingrove, who resided in Boston. A few days before the trial, counsel for the defendant in error caused Mrs. Wingrove to be subpœnaed before a justice of the peace in Boston for the purpose of taking her deposition to be used at the trial. She did not appear before the justice, and a sufficient excuse therefor is set forth in the record. She came to this trial, accompanied by her husband. The record shows that her appearance was not known to the defendant in error until after he had rested his case. There was some discussion before the court relating to Mrs. Wingrove's failure to appear before the justice and as to her presence in court. Then the following occurred:

"Mr. Redmond: * * * Mrs. Wingrove, he [Prouty] elicited from one witness, is here in court.
"The Court: She has not thus far been called by either party.
"Mr. Prouty: That confirms my theory that the Grand Trunk have got her.
"Mr. Redmond: I desire an exception to that remark."

Counsel for the plaintiff in error did not ask for any instruction to correct the impropriety of this remark. He did not request that the jury be cautioned to be uninfluenced by it, or that they disregard the remark. To make available the impropriety of this remark as an error at the trial, it was incumbent upon counsel for the plaintiff in error to ask for some instruction to the jury to disregard the remark, or be uninfluenced thereby. A mere exception to the remark was insufficient. We must consider the remark as having been addressed to the court, and not to the jury. We think the claim that harm was done the plaintiff in error is without merit. Portland Gold Mining Co. v. Flaherty, 111 Fed. 312, 49 C. C. A. 361; Northern Pac. Ry. Co. v. Conger, 56 Fed. 20, 5 C. C. A. 410; Strong & Jarvis v. Oldsmobile Co., 96 Vt. 355, 120 Atl. 100; McAdory v. State, 62 Ala. 154.

[3] During the course of the argument to the jury, counsel for the defendant in error referred to the fact that Mrs. Wingrove was present, and commented upon the failure of the plaintiff in error to call

her as a witness. Thereupon a discussion ensued between the court and counsel as follows:

"The Court: Does it appear who brought her here?

"Mr. Prouty: Wouldn't come for me; I tried to get her testimony, and I couldn't.

"Mr. Redmond: Mrs. Wingrove was here with her husband. A man takes his wife along—the evidence is that her husband was here, and she was here with him.

"The Court: The evidence is that the railroad brought her husband here, and the evidence is that Mrs. Wingrove declined to give her testimony for the plaintiff. Isn't it fair to infer at least that the defendant brought her here?

"Mr. Redmond: No; and, if we did bring her here, she was just as available after she got here to him.

"The Court: The plaintiff had rested his case?

"Mr. Redmond: You could have offered to put her on, and this court would never have refused it; but I say she was equally accessible to either party, and that appears.

"The Court: I hardly think so; she was out of the jurisdiction, and she refused to give a deposition.

"Mr. Redmond: All I want is an exception if that argument is allowed.

"The Court: The court will, say here as long as this is under exception, that the evidence shows—the parties don't object to this—that Mrs. Wingrove was in the courtroom after the plaintiff rested."

Some further colloquy ensued, and the court said:

"The Court: Now, just a moment; where did it appear Mrs. Wingrove lived?

"Mr. Prouty: Boston.

"The Court: Boston is more than 100 miles from the place of trial?

"Mr. Prouty: We couldn't subpœna her.

"The Court: There isn't any question about that.

"Mr. Prouty: None at all.

"The Court: Then the witness must have been brought here under your employment; the jury would have a right to infer she was brought here under your employment, by contractual arrangement.

"Mr. Redmond: I desire an exception to the submission to the jury as to whether Mrs. Wingrove was brought here by our employ, because I say there is no evidence in the case that will warrant any such inference."

This subject was not referred to in the court's charge to the jury. We must deem what has been referred to as argument before the court by counsel for the purpose of securing a ruling thereon. There is no evidence that Mrs. Wingrove was in any contractual relation with the railroad company for her appearance at the trial. The remarks of counsel fully explained her appearance. It appears without contradiction that she came from a neighboring state, accompanied by her husband, and was in the courtroom, available to either party, if they desired to call her as a witness. Counsel for the plaintiff in error did not ask for an instruction to the jury, during the course of the charge, that no unfavorable inference could be drawn against the plaintiff in error for failure to call her as a witness. He was entitled to such instruction, if requested. The Oregon, 133 Fed. 629, 68 C. C. A. 603; Hayden v. N. Y. Rys. Co., 233 N. Y. 34, 134 N. E. 826; State v. Fitzgerald, 68 Vt. 125, 34 Atl. 429; Wood v. Agostines, 72 Vt. 51, 47 Atl. 108. We regard this incident of the trial as without prejudicial error.

Judgment affirmed.