## PETTINGILL v. FULLER.
### No. 53.

Circuit Court of Appeals, Second Circuit.

Nov. 13, 1939.

Conant & Parker, of St. Johnsbury, Vt., for defendant-appellant.

Arthur L. Graves and William S. Burrage, Jr., both of St. Johnsbury, Vt., for plaintiff-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal by the defendant Fuller from a judgment recovered against him by the plaintiff Pettingill entered upon a verdict awarding damages for injuries arising through a collision between the automobile of the plaintiff and that of one Raymond Dodge in the Village of Barton, Vermont. The plaintiff contends that the defendant brought about the collision between the other two cars through negligent driving of his own which was not itself in collision with either of them.

There were two trials of this action. At the first trial it was shown that the car of the plaintiff, while proceeding south on the main street of ·the Village of Barton, and keeping on his own right side of the street, collided with the car of one Raymond Dodge which was coming north. Dodge was driving in a northerly direction on the east side of the street at a speed of from twenty to twenty-five miles per hour when the defendant Fuller started in his car to cross the road diagonally in a northeasterly direction ahead of the course of Dodge's car. Dodge thought it was necessary to pass around and to the west of Fuller's car in order to avoid running into it from the rear. In doing this he got to or toward the westerly side of the street and collided with the car of the plaintiff who was coming down on that side.

Plaintiff's testimony indicated that the collision between his car and the car of Dodge was due to the negligence of the defendant in crossing in front of the course of the Dodge car when it was too late for Dodge to avoid collision with defendant except by proceeding to the westerly side of the street where the collision with plaintiff's car occurred. Defendant's testimony, however, indicated that he had looked in both directions before starting to cross the road and saw nothing coming and that the collision between the cars of the plaintiff and Dodge was due to the failure of the latter to hold back and keep to his own side of the road. In other words, defendant's claim was that Dodge negligently got on the plaintiff's side of the road instead of keeping back and remaining on the easterly side and thus got into collision, and that defendant, whose car was not in collision with any one, sustained no causal relation to the accident whatever. The defendant also claimed that the plaintiff was negligent in not seeing the other two cars before he did and in not applying his brakes in season. The jury rendered a verdict for the defendant at the first trial. Neither party objected to the charge at this trial or sought a direction of a verdict as to any issue.

On motion of the plaintiff the judge set aside the verdict rendered at the first trial for reasons hereafter mentioned, and as a result there was a second trial at which the plaintiff recovered the verdict on which the judgment now on appeal was entered.

It is quite plain that there was no ground for setting aside the verdict rendered on the first trial because it was contrary to the weight of evidence and the statement of the court to that effect in its opinion on the motion to set the verdict aside was not justified by the record. In any event, we

can discover no finding by the trial court that the evidence was such that the verdict ought to be set aside for that reason alone, but only a statement that the evidence was not sufficient to sustain the verdict for the defendant in view of the prejudice caused by the remarks of his counsel to which we shall refer. The only ground really urged for depriving the defendant of his verdict was misconduct of his counsel.

The alleged prejudicial error occurred during the cross-examination of Dodge by defendant's counsel who was seeking to show that Dodge was solely to blame for the accident. During the cross-examination Dodge was interrogated as to what was done at the Vermont Municipal Court when Dodge was taken there the day after the accident to meet a charge of negligent driving. The trial judge thereupon asked: "How is that material?" Counsel replied: "It is on a plea of Negligent Driving as I understand, and paid a fine. It is not cross-examination but I am giving the Court the benefit of what I expect to show by him". The only remark of plaintiff's counsel as to this proposed line of testimony was: "What the plea was, the record is the best evidence." The court and defendant's counsel then had a long colloquy about the materiality of such proof in which counsel said that if Dodge was the only man that was negligent, it would be "very material", that what a man says when charged with a crime makes a difference and that "it is admissible with reference to his credibility". The judge remarked that that was so and added that the Vermont Supreme Court had said that intoxication might be shown as bearing on the credibility of a witness. Plaintiff's counsel then remarked that impeachment by proof of connection of other crimes was limited by statute to crimes involving moral turpitude to which the judge replied: "That is the rule in a good many jurisdictions but not in Vermont", and added that he wished the question to be reserved for later discussion saying that "even if he went in and pleaded guilty of careless and negligent driving, I cannot conceive how that would be evidence against this plaintiff * * *". Defendant's attorney accepted the court's suggestion to defer offering evidence as to the prosecution in the Municipal Court for the time being and the following colloquy occurred:

"The Court: Yes, you may call him back. My notion is whatever he did—

"Mr. Conant: In that case he was convicted and fined.

"Mr. Graves: I except to that statement because the Supreme Court has held in Girard v. The Mutual Fire Insurance Co. [103 Vt. 330, 154 A. 666] that the result of the Court proceedings in the other case— the criminal case—is immaterial, and the reason it is immaterial is because the plaintiff in this case was not represented.

"The Court: No, he is not there at all. He is not a party to that proceeding.

"Mr. Graves: May I have an exception?

"The Court: Certainly."

It was because of the statement by defendant's counsel that Dodge "was convicted and fined" that the court characterized the verdict as "tainted—effected by misconduct of counsel" and set it aside about two years after the motion was made and granted the plaintiff a second trial at which he recovered the verdict on appeal.

It is to be noticed that the proceedings we have outlined were all matters for the court and not for the jury and that the colloquy was not addressed to the jury at all. Furthermore that defendant's counsel had stated in the very beginning of the colloquy, in answer to a question from the judge, that Dodge's case in the Municipal Court was "on a plea of Negligent Driving as I understand, and paid a fine". No one objected to this statement or moved to strike it out or ever showed that proof of its truth would be incompetent, as bearing on the credibility of the witness. All plaintiff's counsel ever said was that the record would be the proper proof. The last statement of counsel amounted to no more than the first and was only objected to as involving res inter alios acta. The statement was no more than a recital of what the defendant proposed to prove if he should be allowed to introduce evidence. The least the plaintiff should have done if he feared its effect on the jury was to move that it be stricken out and to ask the court for an instruction that they disregard it. Grand Trunk R. Co. of Canada v. Blay, 2 Cir., 297 F. 605. To upset a verdict where the plaintiff made no attempt by seasonable instructions to protect himself against possible prejudice and the evidence objected to was never in fact introduced was wholly without justification. If this could be done because of things said in argument over the introduction of evi-

dence, no verdict would be safe. Strong & Jarvis v. Oldsmobile Co., 96 Vt. 355, 361, 120 A. 100. The result here was especially extraordinary seeing that the judge, as a matter of discretion, could under the Vermont law have admitted the evidence as bearing on the credibility of Dodge. McGovern v. Hays & Smith, 75 Vt. 104, 53 A. 326; Barrell v. Dickinson, 82 Vt. 551, 74 A. 234. We are clear that it was an abuse of discretion to set aside the verdict rendered at the first trial and that if we have the power we should reverse the judgment for the plaintiff entered on the second trial and reinstate the verdict for the defendant on the first trial.

The question remains whether on an appeal from the final judgment for the plaintiff we may review the interlocutory order setting aside the verdict rendered at the first trial and order that verdict reinstated.

 In spite of the fact that the courts of the United States have been most loath to review orders granting or denying motions to set aside verdicts, it is implicit in the opinion of Justice Brandeis in Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 483–486, 53 S.Ct. 252, 77 L. Ed. 439, that they may do so in certain cases, one of which would seem to be an abuse of the trial judge's discretion. 287 U.S. at p. 485, 53 S.Ct. 252, 77 L.Ed. 439. There a review was declined because there was no explanation by the trial judge of his refusal to set the verdict aside and the record did not show that the verdict was clearly erroneous and arbitrary. The question whether an order granting or denying a motion for a new trial may be reviewed on appeal when not followed by a final judgment entered after a new trial is not involved in the case at bar. Here we are reviewing an interlocutory order after final judgment in the action. An attempt to review an order setting aside a verdict has rarely been made under such circumstances; indeed never within our knowledge. That such an order may be reviewed on an appeal from a final judgment is undoubted unless the exercise of judicial discretion involved in making it is beyond the correcting hand of a court of appeal, no matter how arbitrary it was. We think that Justice Brandeis in Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 485, 53 S.Ct. 252, 77 L.Ed. 439, evidently regarded such orders as reviewable. Indeed, the dissenting Justices (Stone and Cardozo, JJ.) held that the court of appeals properly reviewed and reversed an order granting a new trial where the trial court had abused its discretion in refusing to set aside a verdict for nominal damages rendered by a jury in plain disregard of the evidence.

The refusal to review the denial of a motion for a new trial on newly discovered evidence may stand on a different footing. Here the error of the trial court was in the course of one trial. It was not in declining to open the record where no fraud was shown and the case so far as the trial court was concerned had come to an end.

The judgment for the plaintiff on the second trial is reversed with costs, the order setting aside the verdict for the defendant is reversed, the verdict for the defendant is ordered reinstated and final judgment thereon shall be entered for the defendant.